# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LONNELL WILSON, | ) |
| Movant, | ) |
| v. | ) No. 4:16CV132 CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On April 13, 2016, the Court ordered movant to show cause why the Court should not dismiss movant's motion to vacate, set aside or correct his sentence as time-barred. Movant has failed to respond to the Court's Order to Show Cause. Having carefully reviewed the record before the Court, the Court concludes that the instant action is time-barred under 28 U.S.C. § 2255 and is subject to dismissal.

On December 20, 2013, movant pled guilty to assault of a federal agent and discharge of a firearm in furtherance of a crime of violence. On March 19, 2014, the Court sentenced movant to 161 months' imprisonment. Movant did not appeal.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>(1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on March 19, 2014. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on April 2, 2015. The instant motion was placed in the prison mail system by movant on January 16, 2016. Therefore, it is time-barred.

Although movant asserted in his motion to vacate that his motion should be considered timely based on "newly discovered evidence," his assertion lacks validity. Movant's "newly discovered evidence" claim is based on nothing more than conclusory allegations that he received ineffective assistance of counsel during his pretrial, plea and sentencing hearings, as well as his assertion that he lacked a right to a fair trial. Such allegations do not qualify as "newly discovered evidence" under 28 U.S.C. § 2255(f) or § 2255(h). Furthermore, at movant's pretrial hearings, movant acknowledged his legal right to proceed to trial, and he freely waived that right in order to plead guilty to the charges. Thus, movant was cognizant of his rights and chose to waive those rights of his own accord.

As movant is not entitled to equitable tolling in this matter, movant's statute of limitations began to run on April 2, 2014. Therefore, movant's statute of limitations expired one

year later, on April 2, 2015. Because movant waited until January 16, 2016 to place his motion to vacate in the prison mailing system, this matter is time-barred. The motion to vacate will be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED AS TIME-BARRED**. Rule 4 of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of May, 2016.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE